UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE ANTONIO SOLANO and all others similarly situated under 29 U.S.C. § 216(b),<br><br>       Plaintiff,<br><br>VS.<br><br>ALI BABA MEDITERRANEAN GRILL, INC., ET AL.,<br><br>       Defendants. | CIVIL ACTION NO.<br><br>3:15-CV-0555-G |

MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to dismiss the defendants' counterclaims under Rules 12(b)(1), 12(b)(6), and 8(c). For the reasons discussed below, the motion is granted in part and denied in part.

I. BACKGROUND

A. Factual Background

The plaintiff, Jose Antonio Solano, on behalf of himself and all others similarly situated under Section 216 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleges in his complaint that he worked as a chef for the defendants, Ali

Baba Mediterranean Grill Inc., Mediterranean Restaurant Holdings, Inc., Shanaa & Chanaa Enterprises, Inc., Grip Mediterranean Grill LLC, Grip College Park LLC, Café Ali Baba Express, Inc., and Adham Shanaa (collectively, "the defendants"), from September 30, 2010 through December 24, 2014, and cleaned a closed restaurant for the defendants on December 25 and 26, of 2014. Complaint ¶ 14 (docket entry 1). According to the complaint, from September 30, 2010 through February 1, 2013, the plaintiff worked an average of 66 hours per week and was paid an average straight time rate of $9.00 per hour but was not paid the overtime rate for all hours worked over 40 hours in a week, as required by the FLSA. *Id.* ¶ 19. From February 2, 2013, through December 24, 2014, the plaintiff allegedly worked an average of 66 hours per week and was paid an average straight time rate of $9.00 per hour, but was not paid the required overtime rate for an average of 14 completely unpaid hours of overtime for each week from February 2, 2013 through December 24, 2014. *Id.* ¶ 20. The plaintiff also alleges that on December 25 and 26, 2014, he worked fourteen hours cleaning a restaurant for the defendants, but was not paid the applicable minimum wage for that period as required by the FLSA. *Id.* ¶ 23. The plaintiff seeks to recover unpaid overtime wages earned from September 30, 2010 through December 24, 2014, and minimum wages earned on December 25 and 26, 2014. *Id.* ¶¶ 21, 25.

In their answer, the defendants denied the plaintiff's allegations of unpaid overtime and minimum wage hours. Defendants' First Amended Answer and Counterclaim ("Answer and Counterclaim") ¶¶ 14, 19, 20, 23 (docket entry 25). The defendants also asserted a counterclaim against the plaintiff under the Texas Theft Liability Act, alleging that the plaintiff stole goods from the defendants' restaurants, and a counterclaim for fraud, alleging that the plaintiff misrepresented the hours he worked. *Id.* ¶¶ 20-23. The defendants aver that the plaintiff obtained excess overtime pay by recording falsified hours on his time sheet and "clocking in" for hours that he was not present at work. *Id.* ¶ 20. The defendants also claim that on December 25 and 26, 2014, the plaintiff stole cookware, plates, silverware, alcohol, a television, and other items while he was supposed to be cleaning their store. *Id.* ¶ 21.

### B. Procedural Background

The plaintiff filed his complaint on February 17, 2015 (docket entry 1). On July 13, 2015, the defendants filed their first amended answer and counterclaim (docket entry 25). The plaintiff then filed this motion to dismiss the defendants' counterclaims on August 3, 2015 (docket entry 26). On August 24, 2015, the defendants filed their response to the plaintiff's motion to dismiss (docket entry 27), to which the plaintiff filed his timely reply (docket entry 29). The motion is now ripe for decision.

II.  ANALYSIS

A.  Legal Standards

1.  *Jurisdictional Requirements Under Rule 12(b)(1) and Rule 13*

Rule 12 (b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1).  A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim."  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MD Physicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts."  *MCG, Inc. v. Great*

*Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413). A party who believes jurisdiction is lacking may challenge the court's authority to decide the case by filing a motion to dismiss under Rule 12(b)(1). Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996).

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Stockman v. Federal Election Commission*, 138 F.3d 144, 151 (5th Cir. 1998). 28 U.S.C. § 1367(a) allows courts to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

FED. R. CIV. P. 13 recognizes two types of counterclaims: compulsory and permissive. *See* FED. R. CIV. P. 13. Compulsory counterclaims "arise[] out of the [same] transaction or occurrence that is the subject matter of the opposing party's claim," and must be brought under Rule 13(a) or waived. FED. R. CIV. P. 13(a); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1403 (3d ed. 2010). Permissive counterclaims do not arise from the same transaction or occurrence as the underlying dispute, and may be brought under Rule 13(b). *Id.* It is well established that federal courts have supplemental

jurisdiction over compulsory counterclaims. See *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1359 (5th Cir. 1979). To determine whether a counterclaim is compulsory, the Fifth Circuit uses the "logical relation test." *Id.* at 1361. "There is a logical relationship between a potential counterclaim and the principal claim when 'the same operative facts serves as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" *Ormet Primary Aluminum Corporation v. Ballast Technologies, Inc.*, No. 10-CV-30710, 2011 WL 2342687, at *2 (5th Cir. June 14, 2011) (quoting *Plant*, 598 F.2d at 1361). On the other hand, permissive counterclaims must have an independent jurisdictional basis or otherwise meet the test for supplemental jurisdiction. See *NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, No. 3:12-CV-1424-G, 2013 WL 460068, at *4 (N.D. Tex. Feb. 6, 2013) (Fish, J.).

2. *Alleging Fraud Under Rule 12(b)(6) and Rule 9(b)*

In deciding on a Federal Rule of Civil Procedure 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

A complaint need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). When, however, a defendant is charged with fraudulent activity, the plaintiff must state with particularity the circumstances constituting fraud. FED. R. CIV. P. 9(b). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Fifth Circuit interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997); *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001); see also *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th Cir. 2003) (stating that Rule 9(b) requires the

plaintiff to lay out "the who, what, when, where, and how" of the alleged fraud). If the facts pleaded in a complaint are within the opposing party's knowledge, fraud pleadings may be based on information and belief. See *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1068 (5th Cir. 1994).

Rule 9(b) permits a plaintiff to allege generally the defendant's intent to commit fraud. FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). A mere allegation that the defendant had the requisite intent, however, will not satisfy Rule 9(b). *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994); *Tuchman*, 14 F.3d at 1068. To adequately plead fraudulent intent, the plaintiff must set forth specific facts that support an inference of fraud. *Tuchman*, 14 F.3d at 1068. The factual background adequate for an inference of fraudulent intent can be satisfied by alleging facts that show the defendant's motive. See *id.*

Dismissal of a fraud claim for failure to plead the claim with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6). See *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, if it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend, rather than dismiss, the claim. *Kennard v. Indianapolis Life Insurance Company*, 420 F. Supp. 2d 601, 608-09 (N.D. Tex. 2006) (Fish, Chief J. ); *Friedlander v. Nims*,

755 F.2d 810, 813 (11th Cir. 1985).  Furthermore, leave to amend a pleading should be freely given and should be granted unless there is some justification for refusal. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 386 (5th Cir. 2003).

B.  <u>Application</u>

1. *The court has jurisdiction over the counterclaims for theft of services and fraud, but not the counterclaim for theft of goods, under Rules 12(b)(1) and 13*

The FLSA states that "[a]ny employer who violates the provisions of [§] 206 or [§] 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . .." 29 U.S.C. § 216.  "[T]he only function of the federal judiciary under the FLSA 'is to assure the employees of a covered company a minimum level of wages.'" *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010) (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).  "Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin*, 628 F.3d at 740-41.  However, employees cannot recover under the FLSA if they have "worked unauthorized overtime or falsified records to create a cause of

action." *LeCompte v. Chrysler Credit Corporation*, 780 F.2d 1260, 1264 (5th Cir. 1986).

The defendants maintain that jurisdiction over the counterclaims for theft of goods and services, and fraud is proper because those counterclaims arise out of the same transaction or occurrence as the plaintiff's FLSA claim.  Answer and Counterclaim ¶ 24.  The plaintiff contends that jurisdiction over the defendants' counterclaims is improper because the counterclaims do not arise out of a nucleus of operative facts in common with the plaintiff's FLSA claim, the Fifth Circuit bars counterclaims in FLSA suits, the defendants' counterclaims are duplicative of their affirmative defenses and should be characterized as affirmative defenses,[1] and this court should not grant supplemental jurisdiction over complex state law claims that would predominate the FLSA suit.  Solano's Motion to Dismiss ("Motion") ¶¶ 7-8 (docket entry 26).

In the Fifth Circuit's most recent opinion addressing the permissibility of defendants' assertion of counterclaims in an FLSA suit, the court narrowed the exception permitting counterclaims, created in *Singer v. City of Waco*, 324 F.3d 813, 828 (5th Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004); *Martin*, 628 F.3d at 742.  It concluded that counterclaims are only permitted where they set-off money that "can

---

[1] The defendants' counterclaims for fraud and theft of goods and services are properly characterized as counterclaims.  Answer and Counterclaim ¶¶ 20-24.  The court concludes that at this juncture, justice does not require a re-designation of the defendants' counterclaims as affirmative defenses.  *See* FED. R. CIV. P. 8(c)(2).

be considered wages that the employer pre-paid to the plaintiff-employee" or money that could be "characterized as advanced or inappropriate amounts subject to an offset against the overtime owed to him." *Id.* (citing *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010), and *Heard*, 491 F.2d at 4). Further, any setoff of the overtime wage the plaintiff claims he was not paid, cannot cause the wages sought to "fall below the statutory minimum wage." *Martin*, 628 F.3d at 741 (citing *Singer*, 324 F.3d at 828 n.9). This narrow exception from the rule was created after the Fifth Circuit in *Heard* concluded that set-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions. *Heard*, 491 F.2d at 3-4. Therefore, this court can permit defendants' counterclaims only if they fit this narrow exception. *Martin*, 628 F.3d at 742.

To better define the exception, it is necessary to further analyze the precedent governing this issue. The dispute in *Singer* involved a class of municipal fire fighters whose hours varied among pay periods, working 120 hours for two periods in a row, and then working 96 hours for the third period. 324 F.3d at 824-26. When the court analyzed how much money the city owed the fire fighters in unpaid overtime wages, the district court found "small deficiencies" in pay during the 120-hour periods, and considerable overpayments during the 96-hour periods. *Id* at 826. The district court permitted the employer's counterclaim to be joined in the fire fighter's

FLSA suit because the overpayments during the 96-hour periods were akin to pre-payments of overtime wages. *Id.*

In *Gagnon*, the defendant-employer counterclaimed and sought a set-off in the amount equal to damages caused by the plaintiff's alleged breach of contract and fraud. 607 F.3d at 1042. The plaintiff had received *per diem* for travel to work because he lived a significant distance from his workplace. *Id.* at 1043. The plaintiff was contractually obligated to notify his employer of his new address if he moved. *Id.* at 1040. The plaintiff failed to do so, and the defendant employer sought to set-off the FLSA overtime wages with the damages it incurred by paying the *per diem* to the plaintiff. *Id.* at 1040, 1043. The court distinguished the set-off in *Singer* as one that "simply acknowledged that the City [had] *already paid* the bulk of its overtime obligations." *Id.* at 1043 (citing *Singer*, 324 F.3d at 828) (emphasis in original). In *Gagnon*, by contrast, the plaintiff was not paid any additional or advance sums that could be characterized as overtime wages owed to him. *Id.* Additionally, the facts of the breach of contract and the fraud claim related to a different nucleus of facts surrounding where the plaintiff lived and whether he lied about his home address, and did not relate directly to hours worked. *Id.*

In *Martin*, when the plaintiff was laid off, she entered into a severance agreement with the employer whereby she agreed not to sue the employer, and as a result, she received various benefits. 628 F.3d at 740. The plaintiff breached that

agreement by suing the employer to recover unpaid overtime wages under the FLSA. *Id.* The employer moved for summary judgment, contending that it was entitled to set-off damages for breach of the severance agreement. *Id.* The employer contended that the benefits it gave the plaintiff for her release of claims were comparable to pre-paid overtime wages in *Singer*. *Id.* The Fifth Circuit disagreed with the employer, concluding that the employer was not permitted to bring the breach of contract claim for damages relating to the benefits it gave her because those benefits "were not wage payments, advance or otherwise; they were not related to her labors at all." *Id.* at 743.

Here, the defendants' asserted counterclaims would not result in the plaintiff's compensation falling below the minimum FLSA wage requirements. Ali Baba's Response to Motion to Dismiss ("Response") ¶ 7 (docket entry 27). Defendants' counterclaims for fraud and theft of services allege that they paid the plaintiff over forty-five hours of overtime work that the plaintiff did not actually work. Answer and Counterclaim ¶¶ 20, 22.

The FLSA claim and counterclaims for theft of services and fraud focus on the amount of overtime pay owed to the plaintiff. *See* Complaint ¶ 21; Answer and Counterclaim ¶ 20; *Cordero v. Voltaire, LLC*, No. A-13-CA-253-LY, 2013 WL 6415667, at *4 (W.D. Tex. Dec. 6, 2013). To prevail on their counterclaim for theft of services, the defendants will need to show that the plaintiff appropriated the

defendants' money through some unlawful means, such as misrepresenting the hours he worked. See *Wellogix, Inc. v. Accenture LLP*, 788 F. Supp. 2d 523, 541 (S.D. Tex. 2011). To prevail on their counterclaim for fraud, the defendants will need to present evidence showing that the plaintiff billed them for false or inflated overtime hours. See *Cordero*, 2013 WL 6415667, at *4. Similarly, to prove his FLSA claim, the plaintiff will need to present evidence showing the overtime hours he worked and how much the defendants should have paid him. See *id.* If the defendants prove their counterclaim for theft of services or fraud, the plaintiff will not be able to recover for any overtime hours that he did not work. See *LeCompte*, 780 F.2d at 1264. There is a logical relationship between the operative facts and evidence needed to prove the plaintiff's FLSA claim and the defendants' counterclaims for theft of services and fraud. See *id.*; *Cordero*, 2013 WL 6415667, at *4. Thus, the court concludes that the defendants' counterclaims for theft of services[2] and fraud are compulsory. *See* FED. R. CIV. P. 13(a).

The counterclaims for theft of services and fraud should be permitted under the exception in *Singer* because the claims relate to the number of hours the plaintiff actually worked for the defendants and whether the defendants owe him overtime

---

[2] Although the plaintiff did not contest the sufficiency of the counterclaim for theft of services under Rule 12(b)(6), the court concludes, *sua sponte*, that the counterclaim for theft of services satisfies the 12(b)(6) standard for stating a claim for relief sufficient to withstand a Rule 12(b)(6) motion to dismiss. See *Moore v. Collins*, No. 3:14-CV-2197-G(BN), 2014 WL 5553646, at *4 (N.D. Tex. Oct. 31, 2014) (Fish, J.) (setting forth the Rule 12(b)(6) standard for a motion to dismiss).

wages under the FLSA. Answer and Counterclaim ¶¶ 20, 23. If the plaintiff fraudulently represented the number of hours worked, as alleged by the defendants, the overtime wages he received for those hours should be "characterized as . . . inappropriate amounts subject to an offset against the overtime owed to him." *Martin*, 628 F.3d at 742. Also, since employees cannot recover under the FLSA if they have "worked unauthorized overtime or falsified records to create a cause of action," *LeCompte*, 780 F.2d at 1264, a counterclaim that asserts they falsified records should be permitted.

The counterclaims alleged here are distinguishable from the fraud counterclaim rejected in *Gagnon* because the fraud here relates directly to the hours worked and the wages received for those hours, Answer and Counterclaim ¶¶ 20, 23, while in *Gagnon*, the fraud related to whether the plaintiff lied about where he lived. *Gagnon*, 607 F.3d at 1042. The counterclaims here are also distinguishable from the counterclaim in *Martin* because there the severance the defendant paid the plaintiff did not represent wages earned, 628 F.3d at 743, whereas here the counterclaims for theft of services and fraud do. Since the fraud and theft of services claims relate directly to the number of overtime hours worked, the claim is compulsory, originating from a common nucleus of facts, and permitted under the exception created in *Singer* and expressly defined in *Gagnon* and *Martin*. *Singer*, 324 F.3d at 828; *Gagnon*, 607 F.3d at 1042; *Martin*, 628 F.3d at 741; see also *Ormet*, 2011 WL 2342687, at *2.

However, the defendants' allegation that the plaintiff committed theft by stealing goods from their restaurant rests on an entirely different set of operative facts than the plaintiff's claim for wages under the FLSA. See *Cordero*, 2013 WL 6415667, at *5 (noting that a theft of goods claim rests on a different set of facts than an FLSA claim for overtime wages). To prove his FLSA claim, the plaintiff will need to present evidence showing the number of hours he worked, the pay he actually received for those hours, and the pay he should have received for those hours. See *Cortes v. Distribuidora Monterrey Corp.*, No. 3:08-CV-1077-M, 2008 WL 5203719, at *1 (N.D. Tex. Dec. 11, 2008) (Lynn, J.); *Cordero*, 2013 WL 6415667, at *4. By contrast, to prove their counterclaim for theft of goods, the defendants will need to show proof of damages resulting from the plaintiff's alleged appropriation of the goods from the defendants' restaurant. *Wellogix, Inc.*, 788 F. Supp. 2d at 542. Accordingly, the defendants' counterclaim for theft of goods is not compulsory. See *Ormet*, 2011 WL 2342687, at *2.

Supplemental jurisdiction over the counterclaim for theft of goods is also inappropriate for similar reasons. The FLSA claim and counterclaim for theft of goods did not derive from the same transaction or occurrence. See *Cordero*, 2013 WL 6415667, at *5; FED. R. CIV. P. 13(a). Furthermore, the counterclaim is brought under state law and lacks an independent ground for federal jurisdiction. *See* Answer and Counterclaim ¶ 22; *NatureSweet*, 2013 WL 460068, at *4. The defendants'

counterclaim for theft for goods is disfavored by FLSA jurisprudence. See *Martin*, 628 F.3d at 740-41. Thus, this court concludes that it does not have subject matter jurisdiction over the defendants' counterclaim for theft of goods.

Since the court looks supplemental jurisdiction over the theft of goods claim, the court need not address the plaintiff's arguments, *see* Motion ¶¶ 16-21, that the defendants present novel or complex issues of state law that would predominate over the federal FLSA claim.

> 2. *The counterclaim for fraud does not meet the heightened pleading standard of Rule 9(b)*

The plaintiff argues that even if the court exercises jurisdiction over the defendants' counterclaim for fraud, the defendants have not met the heightened pleading standard for allegations of fraud under Federal Rule of Civil Procedure 9(b). Motion ¶ 7. The defendants argue that their counterclaim for fraud meets the Rule 9(b) standard because it addresses the total hours at issue, how the hours were calculated, and how the plaintiff's alleged false reporting constitutes a statement. Response ¶ 15. The plaintiff argues that the defendants have not met the heightened pleading standard under Rule 9(b) because the plaintiff cannot discern when, where, or how the alleged misrepresentation of hours occurred. Solano's Reply in Support of Motion to Dismiss ¶ 17 (docket entry 29).

The defendants' counterclaim for fraud omits information required under the heightened pleading standard of Rule 9(b). See *Williams*, 112 F.3d at 177. The

counterclaim alleges that the plaintiff committed fraud by falsely recording forty-five hours and fifty-four minutes in overtime. Answer and Counterclaim ¶ 23. However, the defendants fail to state the time period during which the plaintiff was allegedly misrepresenting his hours, the location at which the plaintiff recorded his allegedly over-stated hours, and the method the plaintiff used to record his hours. See *id.*; Motion ¶ 29; *Williams*, 112 F.3d at 177 (allegations of fraud must specify when and where the fraudulent statements were made). This information should be included in the defendants' counterclaim to satisfy the heightened pleading standard of Rule 9(b). See *Williams*, 112 F.3d at 177. The court believes, however, that a more carefully drafted pleading might remedy these deficiencies and state a claim upon which relief can be granted. See *Kennard*, 420 F. Supp. 2d at 608-09 (the court should freely give leave to amend a deficient pleading for fraud absent some justification for refusal). Thus, although the court concludes that the defendants' counterclaim for fraud does not meet the heightened pleading standard of Rule 9(b), it will grant the defendants leave to amend the pleading.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion to dismiss the defendants' counterclaim for theft of goods is **GRANTED**, and the defendants' counterclaim for theft of goods is **DISMISSED** without prejudice. The plaintiff's motion to dismiss the defendants' counterclaims for theft of services and fraud under Rule 12(b)(1) is

**DENIED**.  The plaintiff's motion to dismiss the defendants' counterclaim for fraud under Rule 9(b) is **GRANTED**, and the defendants' counterclaim for fraud is **DISMISSED** without prejudice.  The defendants are permitted to amend their counterclaim for fraud, provided that they do so within fourteen days of this date.

    **SO ORDERED**.

December 3, 2015.

                                         /s/ A. Joe Fish
                                         **A. JOE FISH**
                                         **Senior United States District Judge**