UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSE ANTONIO SOLANO and all others )
similarly situated under 29 U.S.C. )
216(b), )
)
          Plaintiff, )
)
VS. )
)
ALI BABA MEDITERRANEAN GRILL, )
INC., ET AL., )
)
          Defendants. )

CIVIL ACTION NO.

3:15-CV-0555-G

## MEMORANDUM OPINION AND ORDER

Before the court is the defendants' motion for partial summary judgment

(docket entry 30).  For the reasons stated below, the motion is granted in part and

denied in part.

### I. BACKGROUND

#### A. Factual Background

This case concerns several alleged violations of the overtime and minimum

wage provisions of the Fair Labor Standards Act ("FLSA").  Jose Antonio Solano

("Solano") worked for the defendants, Ali Baba Mediterranean Grill Inc.,

Mediterranean Restaurant Holdings, Inc., Shanaa & Chanaa Enterprises, Inc., Grip

Mediterranean Grill LLC, Grip College Park LLC, Café Ali Baba Express, Inc., and

Adham Shanaa (collectively, "Ali Baba" or "the defendants") from September 30,

2010 to at least December 24, 2014.[1]  Plaintiff's First Amended Complaint under 29

U.S.C. §§ 201-216 Overtime and Minimum Wage Violations ("Amended

Complaint") ¶ 16 (docket entry 50).  From September 30, 2010 to May 20, 2012,

Ali Baba paid Solano a biweekly wage ranging from $650 to $1,000.  Amended

Complaint ¶ 22; Defendants' Appendix ("Defendants' App'x") at 3 (docket entry 32);

Plaintiff's Appendix in Support of Plaintiff's Response to Defendants' Motion for

Partial Summary Judgment ("Plaintiff's App'x") at 13, 71 (docket entry 36).

The Department of Labor ("DOL") began investigating Ali Baba on April 27,

2010.  Plaintiff's App'x at 6. The DOL found that Ali Baba did not keep records of

hours worked for all employees.  *Id.* at 7, 9.  The DOL also found that various

employees, including Solano, worked an average of 66 hours a week and that those

employees were not paid overtime or minimum wage.  *Id.* at 7, 13-17.  On May 2,

2012,  at Ali Baba's principal place of business, the DOL held its initial meeting with

Ali Baba.  *Id.* at 5.  On May 30, 2012, the DOL held its final conference with Ali

Baba.  *Id.* at 9-10.  At this final conference, the DOL explained the requirements of

the FLSA and Ali Baba's alleged violations.  *Id.*  The defendants disputed, and

continue to dispute, the DOL's findings but agreed to future compliance with the

---

[1]     The parties dispute whether Solano worked on December 25 and
December 26, 2014, but that dispute is not relevant to the instant motion.

requirements of the FLSA.  *Id.* at 10; Defendants' Brief in Support of Motion for Partial Summary Judgment ("Defendants' Motion") ¶ 10 (docket entry 31); Defendants' App'x at 26.  Ali Baba declined to pay its employees the amount that the DOL found owing.  Plaintiff's App'x at 3.

On December 12, 2013, the DOL sent Solano a letter informing him of the results of its investigation.  See generally *id.* at 3-4.  In the letter , the DOL stated its findings that Ali Baba had violated the minimum wage and overtime requirements of the FLSA.  *Id.* at 3.  The DOL letter further stated that the DOL did not have the resources to pursue a claim on Solano's behalf.  *Id.*  The DOL informed Solano, however, that he could pursue a private action on his own behalf.  *Id.*  Finally, the DOL cautioned Solano that recovery of unpaid back wages "is subject to a two-year statute of limitations unless the employer's actions are willful, which extends the statute of limitations an additional year."  *Id.* at 4.

In response to the DOL findings, on May 21, 2012, Ali Baba began paying Solano an hourly rate, including overtime.  Plaintiff's App'x at 10; Defendants' App'x at 11; Defendants' Motion at 5.  After May 21, 2012, Solano's regular hourly rate ranged from $7.25 to $9 per hour.  Defendants' App'x at 11.  During a three month period, sometime between May 21, 2012 and December 24, 2014, Solano worked for Ali Baba at two separate locations.  Amended Complaint ¶ 23; Plaintiff's App'x at 61.

Solano clocked out to travel between locations and to eat lunch, which Ali Baba
considered "break" time.  Plaintiff's App'x at 61-62.

Solano alleges that Ali Baba willfully failed to pay him overtime between
September 30, 2010 and May 20, 2012.  Amended Complaint ¶ 22.  Relying on the
DOL report, he claims that, during that period, he worked an average of 66 hours a
week and was not paid overtime.  *Id.*; Brief in Support of Plaintiff's Response to
Defendants' Motion for Partial Summary Judgment ("Plaintiff's Response") at 9
(docket entry 35).  The defendants dispute Solano's characterization and argue that
the DOL investigation was "based on a misunderstanding of the computation method
used to arrive at [p]laintiff's biweekly pay amount, something the payroll service
identified as a 'salary.'"  Defendants' Motion at 5.  The defendants also assert that
the DOL investigation was "abandoned."  *Id.*  Ali Baba maintains that, at all relevant
times, it believed that its actions complied with the FLSA.  *Id.*

Solano also alleges that Ali Baba willfully violated the FLSA by failing to pay
him for the time he spent traveling between two work locations.  Amended
Complaint ¶ 23.  The defendants argue that this time was non-compensable break
time and that, even if it were compensable, it would be *de minimis*.  Defendants' Reply
in Support of Motion for Partial Summary Judgment ("Defendants' Reply") at 5-6
(docket entry 37).[2]

---

[2]      Solano also makes other allegations, but they are not relevant to the
(continued...)

B.  Procedural Background

Solano originally filed his complaint on February 17, 2015.  *See generally*

Original Complaint (docket entry 1).  On October 15, 2015, Ali Baba filed its motion

for partial summary judgment, arguing that some of plaintiff's claims were time-

barred and that Ali Baba's unaccepted October 15, 2015 Rule 68 offer of judgment

mooted the plaintiff's remaining claims and deprived the court of subject matter

jurisdiction.  Defendants' Motion at 8.  Ali Baba also noted that, even under the

three-year statute of limitations, Ali Baba would not be liable for violations that

allegedly occurred earlier than February 17, 2012.  *Id.* at 5.  On January 13, 2016,

Solano filed his Amended Complaint.  *See generally* Amended Complaint.

Solano filed his response to Ali Baba's motion for partial summary judgment

on November 5, 2015.  *See generally* Plaintiff's Response.  In response to Ali Baba's

motion for summary judgment, Solano argued that the findings of the DOL,

including the finding that Ali Baba did not maintain records of employees' hours,

constituted some evidence of willfulness.  *Id.* at 8-9.  Solano also pointed to Ali

Baba's alleged "dilatory tactics" and "willful conduct designed to intimidate . . .

employees into not seeking legal counsel or pursuing their rights under the law

following the [DOL] [i]nvestigation."  *Id.* at 7.  Finally, Solano pointed to the fact

_____

[2](...continued)
current motion because they allegedly took place within the two-year statute of
limitations.

- 5 -

that Ali Baba asked him to clock out for his time traveling between job sites.  *Id.* at

10.  On the basis of the same evidence, Solano argued that the court should exercise

its equitable powers to toll the statute of limitations beyond the three-year time

period for willful violations of the FLSA.  *Id.* at 8.

On November 18, 2015, Ali Baba filed its reply in further support of its

motion.  *See generally* Defendants' Reply.  In the reply, Ali Baba argued that the DOL

letter and report were irrelevant, unauthenticated, and inadmissible hearsay and that

the DOL did not pursue action against Ali Baba.  *Id.* at 2-3.  Ali Baba also reasserted

its position that Ali Baba disagreed with the DOL's findings.  *Id.* at 3.  Finally, Ali

Baba argued that the court should not allow Solano to amend his complaint and that

any unpaid drive time was *de minimis*.[3]  *Id.* at 5-6.

## II.  ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper when the pleadings, depositions, admissions,

disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  FED. R. CIV. P. 56(a), (c)(1).  A fact is material if the governing substantive law

identifies it as having the potential to affect the outcome of the suit.  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue as to a material fact is

---

[3]     Ali Baba's argument with respect to the amended complaint became
moot when the court allowed Solano to file his amended complaint.

genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response

to the motion for summary judgment, that evidence is not properly before the district

court." *Malacara*, 353 F.3d at 405.

## B. <u>Ali Baba's Motion for Summary Judgment</u>

### 1. *Evidentiary Objections*

Before considering the merits of Ali Baba's motion for summary judgment, the

court must address Ali Baba's objections to evidence in Solano's summary judgment

response.  The court will consider only the evidentiary objections specifically raised

by Ali Baba.  See *Eguia v. Tompkins*, 756 F.2d 1130, 1136 (5th Cir. 1985)

("Documents presented in support of a motion for summary judgment may be

considered even though they do not comply with the requirements of Rule 56 if there

is no objection to their use."); see also *Hannon v. Kiwi Services*, No. 3:10-CV-1382-K

(BH), 2011 WL 7052795, at *2-3 (N. D. Tex. Dec. 30, 2011) (Ramirez, J.) (applying

this rule to objections to summary judgment response evidence).  First, Ali Baba

objects that the DOL letter and narrative report attached as evidence to Solano's

response are unauthenticated and inadmissible hearsay.  Defendants' Reply ¶ 2.

The court disagrees.  The DOL letter, accompanied by the DOL report, bears

the seal of the DOL and the signature of a DOL officer and is, therefore, self-

authenticating.  *See* FED. R. EVID. 902(1).  DOL investigative reports, although

hearsay, are generally admissible hearsay, because they are public records under

Federal Rule of Evidence 803(8).  See, *e.g.*, *Bingham v. Jefferson Couunty, Texas*, No.

- 8 -

1:11-CV-48, 2013 WL 1312563, at *7 (E.D. Tex. Mar. 1, 2013).  Public records are presumed admissible, unless the party opposing their admission demonstrates that the records are untrustworthy.  *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991).  Ali Baba presented no evidence and made no argument that the DOL letter or report is untrustworthy.  Moreover, to the extent that Solano submits the report only to show the effect that it would have had on Ali Baba, it is not hearsay, because it was not offered for "the truth of the matter asserted."  FED. R. EVID. 801(c)(2).

Ali Baba also urges that the DOL letter and report are irrelevant.  *See* Defendants' Reply at 4.  "Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  FED. R. EVID. 401.  The standard for relevance established by Rule 401 "is a liberal one."  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993).  The court disagrees that the DOL letter and report are irrelevant, in part because the court cannot agree with Ali Baba's characterization of the DOL's investigation as "abandoned."  *See* Defendants' Motion at 5.  Courts have routinely found that "prior violations of the FLSA can be used to show willfulness."  *Bingham*, 2013 WL 1312563, at *9.  The DOL report states that the Wage and Hour Investigator "found clear minimum wage and overtime violations."  Plaintiff's App'x at 12.  The report also indicates that the DOL explained

the FLSA requirements to Ali Baba.  *Id.* at 11.  Therefore, the letter and report make it more likely that Ali Baba received notice of the FLSA's actual requirements.  *See* FED. R. EVID. 401.  The DOL letter and report are also relevant to the question of whether there was an FLSA violation prior to May 21, 2012, and whether that violation was willful.  See *id.*

Finally, Ali Baba objects that Solano's testimony that his supervisor told him not to show the DOL letter to his employer is inadmissible hearsay.  Defendants' Reply ¶ 8.  Again, the court disagrees.  Solano did not offer this testimony to prove the truth of the matter asserted.  *See* FED. R. EVID. 801(c)(2).  Rather, Solano was simply repeating what he had been told.  In other words, the significance of the evidence lies in the fact of its being said, not in the truth or falsity of its content.  *Id.*

## 2. *Limitations Period*

The statute of limitations for a violation of the FLSA is generally two years, unless an employee can demonstrate that the employer's violation was "willful."  29 U.S.C. § 255.  A violation is willful if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Company*, 486 U.S. 128, 133 (1988).  Thus, "[t]he three-year statute of limitations may apply even when the employer did not knowingly violate the FLSA; rather, it may apply when it simply disregarded the possibility that it might be violating the FLSA."  *Allen v. Board of Public Education for Bibb County*, 495

F.3d 1306, 1324 (11th Cir. 2007).  Because an employer's willfulness is a fact

question, "summary judgment in favor of the employer is inappropriate if the plaintiff

has introduced evidence sufficient to support a finding of willfulness."  *Ikossi-*

*Anastasiou v. Board of Supervisors of Louisiana State University*, 579 F.3d 546, 552 (5th

Cir. 2009), *cert. denied*, 559 U.S. 904 (2010).

Courts have found the following evidence sufficient to support an inference of

willfulness:  "(1) admissions that an employer knew its method of payment violated

the FLSA prior to the accrual of the action;" *Bingham*, 2013 WL 1312563, at *14

(citing *Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003), *cert. denied*, 540

U.S. 1177 (2004)), "(2) continuation of a pay practice without further investigation

after being put on notice that the practice violated the FLSA;" *id.* (citing *Reich v. Bay,*

*Inc.*, 23 F.3d 110, 117 (5th Cir. 1994)), "(3) earlier violations of the FLSA that

would put the employer on actual notice of the [r]equirements of the FLSA;" *id.*

(citing *Chao v. A-One Medical Services*, 346 F.3d 908, 919 (9th Cir. 2003), *cert. denied*,

541 U.S. 1030 (2004); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir.

1991); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir. 1988); *Sealey v.*

*Emcare, Inc.*, No. 2:11-CV-00120, 2013 WL 164040, at *2-4 (S.D. Tex. Jan. 14,

2013)), "(4) failure to keep accurate or complete records of employment;" *id.* (citing

*Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 844 (6th Cir. 2002)),

and "(5) prior internal investigations which revealed similar violations."  *Id.* (citing

*Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334-35 (10th Cir. 1998)).  However, a

negligent violation of the FLSA does not constitute a willful violation, even if the

employer's interpretation of the FLSA is unreasonable.  *Mireles v. Frio Foods, Inc.*, 899

F.2d 1407, 1416 (5th Cir. 1990).  Furthermore, "[s]imply failing to seek legal advice

concerning [one's] pay practice" does not constitute a willful violation.  *Id.*

Solano has alleged at least three separate sets of FLSA violations in this case.

Amended Complaint ¶¶ 22-24.  Two of these alleged sets of violations potentially

occurred outside of the default two-year statute of limitations.[4]  Amended Complaint

¶¶ 22-23.  Therefore, the court must examine both of these alleged sets of violations

separately in order to determine whether there is evidence from which a jury could

conclude that the defendants acted willfully.[5]  See *Halferty v. Pulse Drug Company, Inc.*,

821 F.2d 261, 271 (5th Cir.), *modified on other grounds*, 826 F.2d 2 (5th Cir. 1987)

(noting that, generally, each incorrect paycheck is a separate violation under the

FLSA and that each violation must be considered separately for purposes of

calculating the statute of limitations).  First, Solano alleged that sometime between

---

[4]     It is not clear from the summary judgment record what three months
Solano was traveling between two separate locations.  *See* Amended Complaint ¶ 23.
Nevertheless, the court addresses this set of violations because of the possibility that
the violations took place, in whole or in part, outside of the two-year statute of
limitations.

[5]     Solano also alleged that Ali Baba did not pay him at all for time worked
on December 25 and 26th, 2014, Amended Complaint ¶ 24, but because both of
these days are within the two-year statute of limitations, it is not necessary to
consider them here.

May 21, 2012 and December 24, 2014, Solano worked for three months in multiple locations and that, in violation of the FLSA, Ali Baba failed to pay him for his time spent driving between locations.[6]  Amended Complaint ¶ 23.  Second, Solano alleged that from September 30, 2010, to May 20, 2012, Ali Baba improperly paid him a biweekly "salary" that failed to comply with the FLSA's overtime requirements. Amended Complaint ¶ 22.  The court will examine the more recent violation first.

With respect to Ali Baba's alleged violations after May 21, 2012, the court concludes that there is evidence from which a reasonable jury could find that Ali Baba acted willfully.  Pursuant to the DOL investigation, the DOL "explain[ed] the requirements set by the" FLSA to Ali Baba.  Plaintiff's App'x at 11.  Ali Baba agreed to future compliance with the FLSA.  Plaintiff's App'x at 10.  At that time, then, Ali Baba received actual notice of FLSA requirements.  If an employer has received actual knowledge of FLSA requirements from a prior DOL investigation, a reasonable jury could conclude that the employer acted in reckless disregard of the FLSA in subsequent violations.  See *Chao*, 346 F.3d at 919 ("[W]e find probative [the employer's] former FLSA violations, even if they were different in kind from the instant one and not found to be willful.  The fact that [the employer] previously had run-ins with the [DOL] certainly put [the employer] on notice of other potential

---

[6]     The defendants argue that Solano did not plead this violation.  The court, however, has since granted Solano leave to amend his complaint, and, therefore, this argument is moot.  *See generally* Amended Complaint.

FLSA requirements."); see also *Bingham*, 2013 WL 1312563, at *15 ("[T]he general

principal [sic] . . . is that willfulness can be shown by evidence that the employer

violated the FLSA despite being put on notice of what the FLSA requires."); *Alvarez v.*

*Amb-Trans Inc.*, No. SA-11-CV-179-XR, 2012 WL 4103876, at *9 (W.D. Tex. Sept.

17, 2012) ("[The employer's] two interactions with the [DOL] could be sufficient to

show that he knew, or at least should have known, what payment policies were

required by the FLSA."); *Carman v. Meritage Homes Corporation*, 37 F. Supp. 3d 860,

870 (S.D. Tex. 2014) (holding that a reasonable jury could find willfulness when an

employer's employee handbook stated that the employer's payment practices

complied with the FLSA, demonstrating that the employer "knew the requirements of

the FLSA"); see also *Perkins v. Total Building Maintenance, Inc.*, No. 3:14-CV-2398-B,

2015 WL 1609193, at *4 (N.D. Tex. Apr. 7, 2015) (Boyle, J.) (holding that the

plaintiff had sufficiently alleged willfulness when he averred that the defendants

"intentionally instructed him and other employees to refrain from clocking in while

traveling between job sites").[7]   Because a reasonable jury could find that the first set

---

[7]        But see *Reich v. Tiller Helicopter Services, Inc.*, 8 F.3d 1018, 1036 (5th Cir.
1993).  In *Reich*, the Fifth Circuit held that a district court did not clearly err when it
found, after a bench trial, that the Secretary of Labor had not established willfulness
based on a prior DOL investigation when the district court could not tell from the
evidence whether the past violation had been "sufficiently similar."  *Id.*  Because the
court in *Reich* did not hold that prior violations must be "sufficiently similar,"
however, it is inapposite in a motion for summary judgment context, where the issue
is whether a reasonable jury could find "willfulness."  See *Bingham*, 2013 WL
1312563, at *16.  Even if it is assumed, however, that the alleged violations must be
(continued...)

of violations was "willful," the court declines to hold, as a matter of law, that the two-year statute of limitations applies to these alleged violations.

Although it is a close case, the court also concludes -- with respect to the second, earlier set of alleged violations -- that Solano has presented evidence from which a reasonable jury could find willfulness on the part of Ali Baba. Solano alleged that from September 30, 2010, to May 20, 2012, Ali Baba improperly paid him a biweekly "salary" that failed to comply with the FLSA's overtime requirements. Amended Complaint ¶ 22. It is true that the DOL letter and report, upon which Solano relies, indicate that Ali Baba claimed that it did not know that its practices violated the FLSA. Plaintiff's App'x at 9. It is also true that Ali Baba continued to deny that its payment practices were unlawful and altered its method of paying employees on May 21, 2012, in response to the DOL's investigation. Plaintiff's App'x at 10-12. These facts tend to show that the defendants did not act willfully with regard to the second set of violations.

Nevertheless, there is also evidence that (1) Ali Baba did not maintain any hourly records before May 21, 2012, Plaintiff's App'x at 9; (2) Solano worked 66 hours a week during that period, Plaintiff's App'x at 7, 17; and (3) Solano did not

---

[7](...continued)
sufficiently similar, in this case both the past alleged violation and the subsequent alleged violation involved a failure to pay overtime. See *Sealey*, 2013 WL 164040, at *2-4 (two separate violations were "closely related" for purposes of a willfulness analysis when they both involved alleged overtime violations but involved different factual circumstances).

clock in or out during that period, *see* Plaintiff's App'x at 10, 17.[8]  See *Elwell*, 276

F.3d at 844 (stating, in a case in which the employer failed to keep records entirely,

that "an employer's recordkeeping practices may . . . corroborate an employee's

claims that the employer acted willfully in failing to compensate for overtime"); see

also *Manning v. City of Scottsboro*, No. CV-12-S-4108-NE, 2013 WL 365786, at *4

(N.D. Ala. Jan. 30, 2013) ("[The plaintiff] alleges that defendant[s] failed to keep

accurate records of the time he worked, which suggests that defendant[s] may have

been willfully blind to whether he was owed overtime pay."); *Morgan v. Francois*, No.

4:04-CV-79-JCH, 2006 WL 3032162, at *3 (E.D. Mo. Oct. 19, 2006) ("Plaintiff

stated that [the defendant employer] never kept accurate records, which can be used

as evidence of a willful violation."); *Garcia v. Tenafly Gourmet Farms, Inc.*, No. CIV. A.

11-6828 SRC, 2012 WL 715316, at *2 (D.N.J. Mar. 5, 2012) (When complaint

alleged that "[d]efendants . . . failed to keep a record of [p]laintiff's hours or pay, and

did not ask [p]laintiff to clock in or out of work," the complaint was sufficient to

support a finding of willfulness).[9]

---

[8]    The court acknowledges that Ali Baba "strongly disputed" the DOL's findings.  Defendants' Reply at 2.  However, the question at this stage is whether a reasonable jury could find that Ali Baba acted willfully.

[9]    But see *Scott v. Farouk Systems, Inc.*, No. CIV. A. H-06-2182, 2007 WL 2317156, at *4 (S.D. Tex. Aug. 8, 2007).  In *Scott*, the court held that a bare bones allegation that defendant "was aware [of] and disregarded [p]laintiff's entitlement to overtime pay but failed to keep records and pay overtime in accordance with the FLSA" was insufficient to create a fact issue.  *Id.*  The defendant in *Scott* had allegedly

(continued...)

Ali Baba also argued with respect to the second set of alleged violations that
Solano offered no evidence that he actually worked 66 hours a week.  Defendants'
Reply at 3.  When an employer, however, fails to keep records of hours worked, the
Supreme Court has held that "the solution . . . is not to penalize the employee by
denying him any recovery on the ground that he is unable to prove the precise extent
of uncompensated work." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687
(1946), *superseded on other grounds by the Portal-To-Portal Act*, 29 U.S.C. § 251 *et seq.*
"In such a situation," the Supreme Court held, "an employee has carried out his
burden if he proves that he has in fact performed work for which he was improperly
compensated and if he produces sufficient evidence to show the amount and extent of
that work as a matter of just and reasonable inference." *Id.*  "A plaintiff need not
'prove each hour of overtime work with unerring accuracy or certainty.'" *Prince v.
MND Hospitality, Inc.*, No. CIV A H-08-2617, 2009 WL 2170042, at *6 (S.D. Tex.
July 20, 2009) (quoting *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108 (4th Cir. 1988)).

In this case, Solano has presented some evidence of the hours he worked, in
particular his own statements and the DOL investigation.  Plaintiff's App'x at 3-17.
In estimating the hours worked by Ali Baba employees, including Solano, the DOL

---

[9](...continued)
misclassified the plaintiff as an administrative employee, exempt from the FLSA.  *Id.*
at *1-*2.  Here, by contrast, Solano's argument is supported by some evidence that he
worked up to 66 hours a week and that Ali Baba failed to keep records of his hours.
Furthermore, unlike the defendant in *Scott*, Ali Baba does not argue that Solano was
exempt.

relied on "the signed current employee's interview statements, hours of operations and information collected during the initial conference from the employer." *Id.* at 10, 13-17. A reasonable jury could conclude that Solano worked at least 66 hours a week. Because a reasonable jury could conclude that the first and second set of violations were willful, the court cannot apply the two-year statute of limitations on this motion. Therefore, Alia Baba's motion for partial summary judgment on the basis of the two-year statute of limitations is denied.

### 3. *Equitable Tolling*

In his response, Solano argued that the court should exercise its equitable powers to toll the statute of limitations in this case beyond three years. Plaintiff's Response at 8. Courts have occasionally tolled the statute of limitations in FLSA cases when a plaintiff can show that he "acted diligently and the delay concerns extraordinary circumstances." *Shidler v. Alarm Security Group, LLC*, 919 F. Supp. 2d 827, 829-30 (S.D. Tex. 2012) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005), *cert. denied*, 549 U.S. 970 (2006)). However, "[f]ederal courts have typically extended equitable relief only sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Solano asserts that the court should apply equitable tolling because Ali Baba engaged in "strong-arm intimidation tactics designed to prevent their employees from seeking legal counsel or filing claims" and because Solano's supervisor allegedly

"informed [Solano] that he should immediately turn the DOL letter over . . . so that the letter could be turned over to the owners because they did not want their employees to see the DOL letters." Plaintiff's Response at 10. Nevertheless, the court concludes that Solano has failed to meet his burden.

Solano has not provided evidence that he diligently pursued his rights and fails to allege that he was unaware or ignorant of his rights. See *Lee v. Metrocare Services*, 980 F. Supp. 2d 754, 770 (N.D. Tex. 2013) (O'Connor, J.). Indeed, the record appears to establish otherwise. The DOL letter that Solano received stated that Solano likely had a claim for unpaid back wages. Plaintiff's App'x at 4. The letter also warned him, however, to "keep in mind that recovery of unpaid back wages under the FLSA is subject to a two-year statute of limitations unless the employer's actions are willful." *Id.* Furthermore, Solano has failed to establish the "rare and exceptional circumstances" that would justify equitable tolling. See *Lee*, 980 F. Supp. 2d at 769-70 (denying plaintiff's request for equitable tolling even when plaintiff alleged that defendant had "sought to delay [the] assertion of rights by employees through intimidation and . . . termination") (internal quotations omitted). For these reasons, the court declines to toll the statute of limitations beyond three years based on equitable considerations. Therefore, Ali Baba's motion for partial summary judgment is granted in part, so that any violations occurring before February 17, 2012 are time-barred.

4.  De Minimis *Violations*

Ali Baba also argues that, even if the court finds a fact issue with regard to

whether Solano was paid for time driving between job sites, any such time would be

*de minimis*.  Defendants' Reply at 6.  Although there is no *per se* rule regarding what

time is *de minimis*, courts often consider periods around ten minutes to be *de minimis*.

*Hesseltine v. Goodyear Tire & Rubber Company*, 391 F. Supp. 2d 509, 519 (E.D. Tex.

2005) (collecting cases).  Generally, time spent driving between work locations during

work hours can be compensable work time, even if the employer allows the employee

to eat lunch during that period.  *See* 29 C.F.R. § 785.38; see also *Naylor v. Securiguard,*

*Inc.*, 801 F.3d 501, 507 (5th Cir. 2015) ("[A] jury could find that preventing the

employee from eating--ostensibly the main purpose of the break--for twelve out of

thirty minutes during every break is a meaningful limitation on the employee's

freedom.").

In this case, Solano testified that his drive between sites sometimes took up to

45 minutes and that he often drove between sites during peak traffic times.

Plaintiff's App'x at 28.  He testified that he was not able to eat at all until he arrived

at the second site.  *Id.* at 30.  A representative of Ali Baba testified that it did not

keep track of the time Solano spent driving between locations because it considered

that time to be non-compensable break time.  *Id.* at 61.  Under these circumstances,

the court cannot conclude as a matter of law that the time Solano spent driving

between sites was *de minimis*.  A reasonable jury could find, for instance, that Solano

spent more than 15 minutes a day for three months driving between locations.

5.  *Unaccepted Rule 68 Offer of Judgment*

Ali Baba also argue that it made a Rule 68 offer of judgment that satisfied all

of Solano's claims and, thereby, deprived this court of subject matter jurisdiction.

Defendants' Motion at 8.  Because the court has concluded that a reasonable jury

could find that Ali Baba's actions were willful and that, therefore, Solano's damages

could be more than Ali Baba's offer of judgment, Ali Baba's Rule 68 offer of judgment

argument is moot.  Also, the court notes that the United State Supreme Court

recently reversed the line of cases relied upon by Ali Baba and held that "an

unaccepted settlement offer has no force"  *Campbell-Ewald Company v. Gomez*, __ U.S.

__, 136 S. Ct. 663, 666 (2016).

III.  <u>CONCLUSION</u>

For the reasons stated above, the defendants' motion for summary judgment is

**GRANTED** in part and **DENIED** in part.

**SO ORDERED**.

March 2, 2016.

_A. Joe Fish_
_____
**A. JOE FISH**
**Senior United States District Judge**